NO. 07-04-0301-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 1, 2004
_____

ROBERT R. HOCKADAY, II,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438,306; HON. BRADLEY UNDERWOOD, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Robert R. Hockaday, II appeals from a judgment convicting him of aggravated assault. We affirm.

The trial court initially deferred adjudication of guilt and placed him on community supervision for four years. The State subsequently moved to adjudicate him guilty. After a hearing on the allegations set out in the State's motion and after receiving evidence on the issue of punishment, the trial court found appellant guilty and sentenced him to 20 years imprisonment.

Appellant's counsel has moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967) and representing that he has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that counsel notified appellant of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by October 27, 2004. At this time, appellant has failed to file either a response or brief or request an extension to do so.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed five possible areas for appeal. They involve 1) whether the trial court erred in failing to pronounce him guilty prior to his punishment hearing, 2-3) the legal and factual sufficiency of the evidence to justify a sentence of 20 years, and 4-5) whether the trial court erred in admitting evidence not relevant to sentencing and whose probative value was substantially outweighed by the danger of unfair prejudice. However, counsel then proceeded to explain why each argument lacked merit.

We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). Finding no reversible error, we grant the motion to withdraw and affirm the judgment.

Brian Quinn
Justice

Do not publish.

2